MOTION PICTURE ADVERTISING SERVICE COMPANY
*v.* CANNON.

4-2914

Opinion delivered March 13, 1933.

*Silas W. Rogers,* for appellant.

McHANEY, J. Appellant entered into a written contract with appellee, dated February 7, 1929, to render to him moving picture advertising service for fifty-two weeks at $18 per week. The contract provided for cancellation thereof by appellee in the following language: "This contract subject to cancellation after thirteen weeks' actual service, at option of advertiser, written notice of such intentions having been given M. P. A. Service Co. on or before 7-30-29."

Appellee decided to cancel the contract and thought he might do so at any time prior to the expiration of thirteen weeks' actual service, which he construed to be August 31, 1929. He gave written notice of cancellation August 10, 1929, which appellant refused to accept as a timely notice, performed the service, and brought this action to recover the balance due in the sum of $720. At the close of the testimony appellant requested a directed verdict, which the court refused, and the case was submitted to the jury to determine when the notice of cancellation was required to be given. If they found the contract required notice to be given on or before July 30, 1929, they were to find for appellant. If, however, they found notice could be given up to August 31, 1929, the verdict should be for appellee, except for $36, for which appellee offered to confess judgment.

The court erred in not directing a verdict for appellant. The clause above quoted relating to cancellation and when notice should be given is not ambiguous. It clearly provides that he shall have the right of cancellation after thirteen weeks' actual service had been rendered, but that he must give notice of his intention to cancel "on or before July 30, 1929." The right to cancel depended on the notice required. The parties might have agreed on any other date, but they saw proper to agree that notice should be given on or before July 30. It made no difference whether the thirteen weeks' actual service was then completed or not.

Since the contract fixed the date on or before which notice should be given in order to have the right to can-

cel the remainder of the service, notice after that date was ineffectual. The judgment will be reversed, and judgment be rendered here for the amount sued for with interest at 6 per cent. from February 7, 1930.